## JANUARY TERM, 1852.

## THE KING *vs.* HENRY S. SWINTON.

The showing of a mere deficiency in the accounts of a government officer, without proof of conversion or deceit, is not sufficient evidence on which to convict him of embezzlement. It must appear that he converted the money with a fraudulent intent.

The King *vs.* Henry S. Swinton, indicted for embezzlement.

It appeared in evidence that the accused, who was the Collector of Customs for the port of Lahaina, converted to his own use, $1405 09 of the public monies, which deficiency appeared by his quarterly accounts, rendered on the first of July last. His accounts were all shown to be correct, and there appeared to be no attempt to hide the conversion, or cover up the deficiency. On the other hand, the accused was the first to make known his deficiency, and subsequently came forward and made good the same by a conveyance of certain properties.

The counsel for the accused rested their defence on the construction of the statute, which defines embezzlement to be as follows:

" If any person, who is entrusted with, or has the possession, control, custody or keeping of a thing of value of another, by the consent or authority, direct or indirect of such other, without the consent and against the will of the owner, fraudulently converts or disposes of the same, or attempts so to convert or dispose of the same, to his own use and benefit, or to the use and benefit of another than the owner or person entitled thereto, he is guilty of the embezzlement of such thing."

They argued to the Court and jury, 1st, That a mere deficiency in accounts was insufficient evidence whereon to found a conviction for embezzlement. 2d, That though there was a conversion, it was not *fra dulently* made—not secretly, deceitfully or unlawfully, but openly, and with the honest intent of paying over all monies thus appropriated at the end of the quarter. That, until it was shown that

the conversion was made with some fraudulent or criminal intent, the prisoner could not be convicted under the statute.

On the part of the crown it was answered that every conversion of the public money by a government officer to any use other than the public service, was a fraudulent conversion, and rendered the officer guilty of embezzlement, even though he restores the same.

CHIEF JUSTICE LEE charged the jury that the showing of a mere deficiency in accounts, without proof of conversion or deceit, was not sufficient evidence to convict a person of embezzlement; for he might be honestly deficient, as by the fraud of those in his employ, or otherwise, and, in such case, would only be civilly liable, to make good such deficiency. But to say that a government officer, who converts public money to his own use, is innocent of offence, is equally opposed to reason, justice, and the public safety. The officer who places his finger on a single farthing of the public money, and converts it to his own use, is, in the eye of good conscience, a dishonored and guilty man; and ought to be punished. But unfortunately, our statute is not broad enough to cover all conversions, and does not, as it ought to, contain a special clause applicable to government officers, making all conversions of the public funds to their own use, of any nature whatsoever, an embezzlement; and hence, unless you find that the prisoner converted this money with some fraudulent intent, he is legally not guilty. A fraudulent conversion is one made with intent to defraud—a secret, deceitful or unlawful appropriation of money. If you believe that Swinton appropriated this money to his own use with the intention of depriving the government of the same, or with any other fraudulent intent, he is guilty under the statute, otherwise not.

Verdict not guilty.

Mr. Bates, attorney for the crown.

Mr. Parsons and Mr. Montgomery for the accused.